**MAY D & F, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Yvonne M. Allen, Respondents.**

**No. 87CA0847.**

Colorado Court of Appeals, Div. I.

Feb. 11, 1988.

Hall & Evans, Fredric A. Ritsema, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

**590**

Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

William Richardson, Denver, for respondent Yvonne M. Allen.

CRISWELL, Judge.

Petitioner, May D & F, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed a permanent partial disability award of ten percent as a working unit for Yvonne M. Allen (claimant). We affirm.

After an evidentiary hearing, the Administrative Law Judge (ALJ) found that the claimant had suffered a permanent disability of ten percent as a working unit. This finding was based upon evidence which, while conflicting, indicated that claimant was unable to return to her previous job and that, as a result, she suffered a wage loss of approximately twenty-two percent.

In rejecting petitioner's challenges to the award, the Panel repeatedly stated that it was bound by all of the ALJ's findings that were supported by substantial evidence. On review, petitioner contends that the Panel misperceived the extent of its reviewing authority. Specifically, petitioner asserts that the extent of disability is a question of ultimate fact and, thus, that the Panel was free to substitute its own findings in this regard. In support of its argument, petitioner cites *Baca v. Helm*, 682 P.2d 474 (Colo.1984); and *R & R Well Service Co. v. Industrial Commission*, 658 P.2d 1389 (Colo.App.1983). In light of the present wording of the pertinent statute, we disagree with petitioner's contention.

In workmen's compensation proceedings, there is no longer a distinction drawn between evidentiary findings and ultimate findings. While the predecessor statute, Colo.Sess.Laws 1983, ch. 79, § 8–53–111(7) at 420, made specific reference to "findings of *evidentiary* fact" (emphasis supplied), § 8–53–111(7), C.R.S. (1987 Cum.Supp.) now provides only that, if the "findings of fact" of the ALJ are supported by substantial evidence, they shall not be altered by the Panel.

Significantly, the language of this amendment stands in contrast to the comparable provisions of the Administrative Procedure Act, § 24–4–105(15)(b), C.R.S. (1987 Cum.Supp.), which makes only findings of evidentiary fact, and not ultimate conclusions of fact, binding upon the agency, unless they are contrary to the weight of the evidence. In our view, therefore, this difference in language exhibits a conscious legislative intent to abolish the previous distinction between ultimate and evidentiary findings and to make any findings of fact by the ALJ binding on the Panel, if they are supported by substantial evidence, leaving only conclusions of law to be fully reviewed.

Petitioner also asserts that the award is not supported by substantial evidence. Again, we disagree.

Although there was evidence which might have supported a lesser award, the ALJ's finding is supported by claimant's testimony and reasonable evidentiary inferences as specifically outlined by the Panel. *See F.R. Orr Construction v. Rinta*, 717 P.2d 965 (Colo.App.1985); *Gelco Courier v. Industrial Commission*, 702 P.2d 295 (Colo.App.1985).

The order is affirmed.

PIERCE and HUME, JJ., concur.