**Joan M. STRAUCH, Petitioner–Appellant,**

v.

**PSL SWEDISH HEALTHCARE SYSTEM, Colorado Compensation Insurance Authority, and the Industrial Claim Appeals Office, Respondents–Appellees.**

**No. 95CA1042.**

Colorado Court of Appeals, Div. V.

April 18, 1996.*

---

* Opinion previously announced as non-published March 21, 1996 is now selected for official publication.

Douglas R. Phillips, Denver, for Petitioner–Appellant.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, for Respondents–Appellees PSL Swedish Healthcare System, and Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office.

William J. MacDonald, Denver, Amicus Curiae, for Workers' Compensation Education Association.

Opinion by Judge CASEBOLT.

In this workers' compensation case, claimant, Joan M. Strauch, seeks review of a final order of the Industrial Claim Appeals Office (Panel) that awarded her a scheduled benefit for loss of her right arm at the shoulder, an injury incurred while working for PSL Swedish Healthcare System (Employer). We affirm.

Claimant strained her shoulder in 1993 and was diagnosed as having a rotator cuff tear and shoulder impingement syndrome. The treating physician rated claimant's permanent impairment at nine percent of the upper extremity or five percent of the whole person.

Employer and the insurer filed a final admission of liability in accordance with the scheduled rating for the upper extremity impairment. Absent an objection, claimant was entitled to benefits of $2,808. However, claimant applied for a hearing and sought permanent partial disability benefits based upon the whole person rating that would have resulted in benefits of $12,967.

The Administrative Law Judge (ALJ) determined that claimant experienced pain in her shoulder, arm, hand, and fingers, but that the symptoms only affected the use of her arm. Therefore, the ALJ determined that compensation was limited to scheduled disability benefits under § 8-42-107(2)(a), C.R.S. (1995 Cum.Supp.) for partial "loss of an arm at the shoulder" and that claimant was not entitled to medical impairment bene-

fits under § 8–42–107(8), C.R.S. (1995 Cum. Supp.). On review, the Panel affirmed.

### I.

■ Claimant contends that her right shoulder is part of the torso or trunk and, therefore, it is not listed on the schedule of disabilities set forth in § 8–42–107(2). Instead, she argues that she is entitled to benefits based upon a medical impairment rating under § 8–42–107(8). Under the circumstances of this case, we disagree.

Claimant first argues that, although § 8–42–107(2)(a) provides a scheduled benefit for "loss of an arm at the shoulder," what constitutes that loss is not defined in the Workers' Compensation Act. Therefore, because § 8–42–101(3.7), C.R.S. (1995 Cum.Supp.) mandates the use of the *American Medical Association Guides to the Evaluation of Permanent Impairment* in determining physical impairment, claimant argues that the General Assembly adopted the *AMA Guides'* definition of where the upper extremity ends and the torso begins. Utilizing one of the illustrations contained in the *AMA Guides,* claimant asserts that impairment of the shoulder must be compensated as impairment of the whole person. We reject claimant's reasoning.

Section 8–42–107(1), C.R.S. (1995 Cum. Supp.) provides:

(a) When an injury results in permanent medical impairment, and the employee has an injury or injuries enumerated in the schedule set forth in subsection (2) of this section, the employee shall be limited to medical impairment benefits as specified in subsection (2) of this section.

(b) When an injury results in permanent medical impairment and the employee has an injury or injuries not on the schedule specified in subsection (2) of this section, the employee shall be limited to medical impairment benefits as specified in subsection (8) of this section.

Section 8–42–107(2), C.R.S. (1995 Cum. Supp.) provides, in pertinent part:

In case an injury results in a loss set forth in the following schedule, the injured employee, in addition to compensation to be paid for temporary disability, shall receive compensation for the period as specified....

The statute then sets out a schedule of specific injuries and includes, in § 8–42–107(2)(a), C.R.S. (1995 Cum.Supp), the loss of an arm at the shoulder. The schedule of specific injuries does not, however, describe a shoulder injury.

■ The term "injury" as used in the statute refers to the manifestation in a part or parts of the body which have been impaired or disabled as a result of the industrial accident. *Mountain City Meat Co. v. Industrial Claim Appeals Office,* 904 P.2d 1333 (Colo. App.1995) (*cert. granted* October 30, 1995). The statute then refers to an injury resulting in a "loss" set forth in the schedule. The statute does not refer to the particular site of the injury or the medical reason for the loss; rather, it refers to the portion of the body that sustains the ultimate loss. *See e.g. McKinley v. Bronco Billy's,* 903 P.2d 1239 (Colo.App.1995).

Thus, the issue is whether the claimant sustained a functional impairment to the portion of the body that is listed on the schedule of disabilities. If it is, the schedule applies. Conversely, if it is not, the schedule is not applicable.

■ We agree with the Panel that the determination whether the claimant has suffered a functional impairment that is listed on the schedule of disabilities is a factual question to be resolved by the ALJ. *See Jones v. Adolph Coors Co.,* 689 P.2d 681 (Colo.App.1984). This determination is distinct from, and should not be confused with, the treating physician's rating of physical impairment under the *AMA Guides.* Nevertheless, that rating may be considered by the ALJ in determining whether the claimant's functional impairment is fully described on the schedule of disabilities.

Because it is the situs of the functional impairment that is at issue, and not the place on the body that the initial harm is inflicted, the *AMA Guides'* demarcation of where the torso stops and the extremity begins is of no consequence here. Thus, we are not per-

suaded by the foreign authorities relied upon to establish as a matter of law that the shoulder is not part of the arm.

Claimant also argues that "loss of the arm at the shoulder" must be considered synonymous with "amputation of the upper extremity" because an illustration from the *AMA Guides* provides that amputation of the upper extremity occurs when the arm is lost midway between the elbow joint and the shoulder joint. Therefore, she reasons, because her injury occurred on a portion of her anatomy proximal to the point that the *AMA Guides* define an upper extremity amputation, she did not sustain a loss of an arm and, therefore, she must be compensated on a whole person basis rather than based on the statutory schedule. We are not persuaded.

As noted above, it is the situs of the functional impairment, not the situs of the initial harm that is the relevant inquiry. Thus, because the ALJ determined that the only functional impairment occurred to the arm, the situs of the initial harm, here, the shoulder joint, is of no consequence. Correspondingly, the exhibit is not probative.

Furthermore, a review of the record reveals that the exhibit relied upon by claimant to equate loss of the arm at the shoulder with amputation was used by the physician merely to establish a record concerning the anatomical locations that the physician pointed to during his testimony.

Accordingly, we conclude that it is not improper to base an award that includes disability to the shoulder on the proportionate loss to the use of the arm when, as here, the functional impairment occurs only in the arm. Because the ALJ determined that the claimant's injury affected only the use of her arm, and because that determination is supported by substantial evidence, we may not disturb the ruling of the ALJ.

## II.

Claimant asserts that the Panel erred in considering a chapter of the *AMA Guides* that was not submitted to the ALJ as part of the record in this case. However, even if we were to assume that the Panel did err in considering portions of the *AMA Guides* that were not presented to the ALJ, we would, nevertheless, conclude that such error was harmless.

Here, the Panel determined, with record support, that there was ample evidence to support the ALJ's conclusion that the claimant's functional impairment was limited to the use of her arm. That determination is sufficient to uphold the award of a scheduled benefit and, therefore, is dispositive on review. *See Martinez v. Regional Transportation District*, 832 P.2d 1060 (Colo.App.1992) (both the Panel and this court are bound by the ALJ's findings of fact when they are supported by substantial evidence).

The order is affirmed.

ROTHENBERG and TAUBMAN, JJ., concur.