Susan LANGTON, Petitioner,

v.

ROCKY MOUNTAIN HEALTH CARE CORPORATION; Colorado Compensation Insurance Authority; and Industrial Claim Appeals Office, Respondents.

No. 95CA1984.

Colorado Court of Appeals,
Div. I.

Nov. 7, 1996.

Rehearing Denied Dec. 19, 1996.

Certiorari Denied May 27, 1997.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Pepe J. Mendez & Associates, P.C., Pepe J. Mendez, Denver, for Petitioner.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, for Respondents Rocky Mountain Health Care Corporation and Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge METZGER.

In this workers' compensation case, petitioner, Susan Langton (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which approved the admission of liability of claimant's employer, Rocky Mountain Health Care Corporation, for permanent partial disability benefits based upon a scheduled injury. We affirm.

## I.

Claimant contends that she sustained an injury to her whole person rather than to her arm at the shoulder. In support of this argument, she argues that the loss of an arm at the shoulder should be defined as set forth in the *American Medical Association Guides to the Evaluation of Permanent Impairment* (AMA Guides) and that the Panel erred in ruling otherwise. We are not persuaded.

The Workers' Compensation Act classifies all work-related injuries into scheduled and non-scheduled injuries. Scheduled injuries are all injuries listed in § 8–42–107(2), C.R.S. (1996 Cum.Supp.). Non-scheduled injuries are all impairments that are not listed or that are excluded from the statutory schedule. Sections 8–42–107(1)(b) and 8–42–107(8), C.R.S. (1996 Cum.Supp.).

The list of scheduled injuries includes "The loss of an arm at the shoulder." Section 8–42–107(2)(a), C.R.S. (1996 Cum.Supp.).

The question whether a claimant's impairment falls within the schedule of benefits is one of fact for the Administrative Law Judge (ALJ). *Strauch v. PSL Swedish Healthcare System,* 917 P.2d 366 (Colo.App. 1996). An ALJ's resolution of questions of fact, if supported by substantial evidence, must be upheld on appeal. *May D & F v. Industrial Claim Appeals Office,* 752 P.2d 589 (Colo.App.1988).

In *Strauch v. PSL Swedish Healthcare System, supra,* a division of this court addressed the identical issue presented here. There, the claimant had argued that, because her right shoulder was part of her torso, her shoulder impairment was not a scheduled injury. The division held that the test to determine if an injury is a scheduled injury is whether a claimant has sustained a functional impairment to the portion of the body that is listed on the schedule of injuries in § 8–42–107(2). Under this test, it is the situs of the functional impairment that is dispositive rather than the situs of the injury. The division concluded that an award that included disability to the shoulder could properly be characterized as a proportionate loss of the use of the arm when the functional impairment occurred only in the arm.

Here, the medical evidence showed that, after surgery, claimant's symptoms included intermittent pain, swelling, numbness, and coldness in her left arm and hand. In addi-

tion, she complained of temperature changes in her hand and of pain in her shoulder if she did much overhead work. She also experienced difficulty in reaching behind her back and in carrying things on her left side. Claimant also had some loss of grip strength.

The ALJ ruled that claimant's loss of range of motion in her shoulder, the peripheral nervous system impairment, and the loss of grip strength did not mean that she had sustained an impairment outside the arm. Although the evidence was conflicting, there was substantial evidence from which the ALJ could find that claimant's left arm was the situs of the functional impairment. *See Strauch v. PSL Swedish Healthcare System, supra* (upholding ALJ's finding that although claimant experienced pain in her shoulder, arm, hand, and fingers, symptoms only affected the use of claimant's arm).

■ Claimant's contention that the *AMA Guides* should be used to determine where the arm stops and the torso begins also was considered and rejected in *Strauch.* The division there held that the definition of upper extremity contained in the *AMA Guides* is irrelevant under the situs of the functional impairment test, and we see no reason under the facts here to depart from that determination.

We reject claimant's contention that *Mountain City Meat Co. v. Oqueda,* 919 P.2d 246 (Colo.1996) mandates a different result. That case dealt with the issue of the proper calculation of permanent disability benefits when a work-related accident results in both a scheduled injury and a non-scheduled injury.

Here, in contrast, there is only one injury, as the ALJ found, and that injury is a scheduled injury.

Because substantial evidence supports the ALJ's conclusion that claimant's functional impairment occurred in her arm, we may not disturb this ruling. *May D & F v. Industrial Claim Appeals Office, supra.*

## II.

■ Claimant also argues that, because the ALJ's order was entered after the 15-day time limit provided in § 8–43–215, C.R.S. (1996 Cum.Supp.), the ALJ had no jurisdiction to enter an order. We disagree, and conclude that the statutory time period is directory rather than jurisdictional.

Section 8–43–215 provides that, at the conclusion of a hearing, the ALJ shall make a summary order denying or allowing a claim, and "[w]ithin fifteen working days after the conclusion of such hearing, the administrative law judge or director shall reduce such order to writing . . . ."

■ There is no universal rule distinguishing directory provisions from mandatory provisions. However, the intention of the General Assembly should be controlling. *Danielson v. Castle Meadows, Inc.,* 791 P.2d 1106 (Colo.1990).

■ Several factors should be considered in determining whether the General Assembly intended a statutory provision to be directory or mandatory. These factors include the legislative history, the language of the statute, its subject matter, the importance of its provisions, their relation to the general object intended to be accomplished by the statute, and whether there is a public or a private right involved. *DiMarco v. Department of Revenue,* 857 P.2d 1349 (Colo.App. 1993).

Unless the General Assembly has clearly evidenced a contrary intent, time limits imposed on public bodies generally have been construed as being directory rather than mandatory. *DiMarco v. Department of Revenue, supra.*

Here, claimant argues that, because the statute uses the word "shall," it contains a mandatory requirement. Although use of the word "shall" generally indicates that the General Assembly intended the provision to be mandatory, a formalistic rule of grammar or word form should not stand in the way of carrying out the legislative intent. *Danielson v. Castle Meadows, Inc., supra.*

The General Assembly has declared that the Workers' Compensation Act should be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers. Section 8–40–102(1), C.R.S. (1996 Cum.Supp.). The obvious pur-

pose of the 15–day provision is to expedite the process of appeal from the ALJ's initial determination of benefits. However, if, as claimant suggests, the 15–day period in § 8–43–215 were construed as jurisdictional, an otherwise correct decision would be vacated. This would require a new hearing, involving additional delay and expense for all parties, before another ALJ. Clearly, such a result would be contrary to the quick, efficient, and low-cost delivery of benefits to injured workers.

Therefore, in the absence of a clear expression of legislative intent that failure timely to enter a summary order deprives the ALJ of jurisdiction, we conclude that the 15–day statutory period within which the ALJ shall enter a summary order is directory rather than mandatory. *See Burns v. Board of Assessment Appeals,* 820 P.2d 1175 (Colo.App.1991)(requirement that Board of Assessment Appeals must render ruling within 30 days is directory); *cf. Hillebrand Construction Co. v. Worf,* 780 P.2d 24 (Colo.App.1989)(because statute provided for contingency of what should occur if ALJ did not enter supplemental order within statutory period, 30–day period within which ALJ was to enter supplemental order was jurisdictional).

The order is affirmed.

HUME and ROY, JJ., concur.