James C. **MORRIS** and the Colorado
Compensation Insurance
Authority, Petitioners,

v.

The **INDUSTRIAL CLAIM APPEALS OF-
FICE** of the State of Colorado and Bian-
ca P. Storlazzi, Respondents.

No. 96CA0863.

Colorado Court of Appeals,
Div. A.

Feb. 6, 1997.

Rehearing Denied March 13, 1997.

Certiorari Denied Sept. 15, 1997.

---

Colorado Compensation Insurance Author-
ity, Curt Kriksciun, Denver, for Petitioners.

No Appearance for Respondent The Indus-
trial Claim Appeals Office of the State of
Colorado

Taussig & Taussig, John G. Taussig, Jr.,
Boulder, for Respondent Bianca P. Storlazzi.

Opinion by Judge RULAND.

Petitioners, James C. Morris (employer)
and its insurer, the Colorado Compensation
Insurance Authority (CCIA), seek review of
a final order of the Industrial Claim Appeals
Office (Panel), awarding Bianca P. Storlazzi
(claimant) permanent partial disability bene-
fits based upon a whole person impairment.
We set aside the order and remand with
directions.

The relevant facts are not in dispute.
Claimant suffered an admitted injury to her
left wrist and arm in May 1992. A level II
accredited physician rated claimant's perma-
nent impairment as a scheduled injury to the
left extremity of 42%. Neither party re-
quested an independent medical examination
(IME) on this issue.

Claimant was also treated for anxiety and
depression stemming from her inability to
perform a number of functions because of the
pain and the physical limitations from the
injury. One level II physician opined that
claimant sustained a six percent whole per-
son psychiatric impairment from this compo-
nent of her injury under the American Medi-
cal Association Guides to the Evaluation of
Permanent Impairment (AMA Guides). In
contrast, however, a division-selected exam-
iner conducted an IME on claimant and rat-
ed her permanent psychiatric impairment at
zero percent under the AMA Guides.

The Administrative Law Judge (ALJ)
found that the IME was credible and persua-
sive and that claimant had not shown by
clear and convincing evidence that the IME
rating of zero percent was incorrect. How-
ever, based on a reference to dysphoria in
the IME report, the report of the level II
physician adopting a six percent rating, and a
psychotherapist's report, the ALJ also found
that claimant had suffered a "functional psy-
chiatric impairment" from the injury.

Because the psychiatric impairment was
not included on the schedule of injuries set
forth in § 8–42–107(2), C.R.S. (1996 Cum.
Supp.), the ALJ concluded that the arm inju-

ry should be compensated as a whole-person impairment pursuant to this court's decision in *Mountain City Meat Co. v. Industrial Claim Appeals Office*, 904 P.2d 1333 (Colo.App.1995)(*Mountain City Meat I*). The ALJ awarded claimant permanent medical benefits based upon a whole person impairment of 23%. The Panel agreed and affirmed.

Petitioners contend that the ALJ and the Panel erred in combining the injuries to award a whole person impairment of 23% under the circumstances of this case. We agree.

Section 8–42–107, C.R.S. (1996 Cum.Supp.) establishes two different methods for awarding compensation benefits based upon a permanent impairment. If the injury is one of those described in the schedule contained in § 8–42–107(2), the benefits delineated in this schedule are awarded. If, on the other hand, the injury does not fall under the schedule, § 8–42–107(8), C.R.S. (1996 Cum.Supp.) provides that the rating shall be determined pursuant to the AMA Guides as a whole person rating.

These statutes were interpreted in *Mountain City Meat I* to allow a single whole person impairment rating under § 8–42–107(8) if a claimant suffers two or more impairments, one of which falls under the schedule and one of which is a non-scheduled impairment. *See* §§ 8–42–107(8)(b. 5)(I)(A) and (II), C.R.S. (1996 Cum.Supp.).

However, in *Mountain City Meat Co. v. Oqueda*, 919 P.2d 246 (Colo.1996)(*Mountain City Meat II*), announced after entry of the Panel's ruling in this case, our supreme court reviewed five decisions from this court addressing the issue of compensation for permanent impairment resulting from both scheduled and nonscheduled injuries. The court held:

> [W]hen an employee is involved in a work-related accident that results in both a scheduled injury and a non-scheduled injury, the scheduled injury must be converted to a whole person impairment rating *and combined with the non-scheduled injury's whole person impairment rating* in calculating permanent disability benefits.

*Mountain City Meat II, supra,* 919 P.2d at 254 (emphasis supplied).

We view the holding of our supreme court in *Mountain City Meat II* as instructive in resolving the issue before us, and we conclude that an injury must be ratable under the AMA Guides before such is compensable under § 8–42–107(8). Hence, we hold that a functional impairment that rates at zero percent under the AMA Guides is not a compensable injury under § 8–42–107(8).

Contrary to respondent's contention, we do not view *Strauch v. PSL Swedish Healthcare System,* 917 P.2d 366 (Colo.App.1996) as pertinent to the resolution of the issue here. In *Strauch,* a division of this court held that the determination of the situs of any functional impairment due to an injury may be distinct from the situs of the initial harm. As a result, an injury to the shoulder may only impair use of the arm and thus become an injury for which benefits under the schedule are provided. The *Strauch* court further concluded that while the rating system for physical impairment under the AMA Guides may be considered in resolving the location of the permanent impairment, the AMA Guides are not determinative.

Nor do we view *Advanced Component Systems v. Gonzales,* 935 P.2d 24 (Colo.App. 1996) as applicable in resolving the issue before us. In that case, a division of this court addressed the issue whether facial disfigurement resulting from an injury must constitute a medical impairment that interferes with a physical function before benefits may be awarded under § 8–42–107(8). The court held that the issue whether a medical impairment existed must be determined based upon the use of that term in the statute and not the AMA Guides. Once a medical impairment does in fact exist, the rating under the AMA Guides becomes applicable.

Unlike *Strauch* and *Advanced Component Systems,* the issue here is whether a non-scheduled injury must be ratable under the AMA Guides before the benefits provided under § 8–42–107(8) may be awarded. As noted, we conclude that it must.

Because the ALJ made no finding concerning the rating that the level II physician attributed to claimant's scheduled physical injury, we conclude it is necessary to remand this case for further findings.

The Panel's order is set aside and the cause is remanded with directions that the ALJ be instructed to enter an award for impairment to claimant's left extremity as a scheduled injury.

ERICKSON* and KIRSHBAUM*, JJ., concur.