Sherry L. MOSLEY, Petitioner
and Cross–Respondent,

v.

INDUSTRIAL CLAIM APPEALS
OFFICE OF the STATE of
Colorado, Respondent,

and

Asphalt Paving Company and Colorado
Insurance Guaranty Association, Respondents and Cross–Petitioners.

No. 02CA1788.

Colorado Court of Appeals,
Div. II.

Sept. 11, 2003.

As Modified on Denial of Rehearing
Oct. 9, 2003.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado; Larry D. Lee, Boulder, Colorado, for Petitioner and Cross–Respondent.

No Appearance for Respondent.

Clifton, Hook & Bovarnick, P.C., Harvey D. Flewelling, Denver, Colorado, for Respondents and Cross–Petitioners.

Opinion by Judge PIERCE.*

Sherry L. Mosley (claimant) seeks review of a portion of a final order of the Industrial Claim Appeals Office (Panel) denying her request for attorney fees. Asphalt Paving Company and its insurer, Colorado Insurance Guaranty Association (collectively employer), seek review of the final order insofar as it determined permanent medical impairment. We affirm in part, set aside the order in part, and remand with directions.

Claimant reached maximum medical improvement (MMI) in January 2000 from injuries sustained in an admitted work-related automobile accident in 1998, and the treating physician rated her total permanent medical impairment at thirty percent of the whole person. The treating physician's rating was based on sixteen percent impairment for the cervical spine, eight percent for the thoracic spine, and ten percent for mental impairment.

Employer requested a division-sponsored independent medical examination (DIME), and the DIME physician gave claimant a permanent medical impairment rating of thirty-six percent of the whole person. This rating was based upon seventeen percent cervical spine impairment, fifteen percent lumbar spine impairment, and ten percent mental impairment.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Employer contested the DIME physician's rating and obtained another independent medical examination (IME). That physician initially opined that claimant suffered eleven percent whole person impairment based upon six percent thoracic impairment and five percent mental impairment. Later, after viewing videotapes of claimant performing certain activities, the IME physician opined that claimant had normal function of the thoracic spine and suffered only mental impairment, which he also questioned.

The administrative law judge (ALJ) concluded in 2000 that claimant's permanent medical impairment totaled thirty-one percent, based upon a combination of the adjusted twenty-five percent rating of the DIME physician and the eight percent thoracic spine impairment assigned by the treating physician. Employer petitioned for review, and the matter was remanded to the ALJ. After a three-day hearing in 2002, the ALJ determined that the DIME physician's opinion regarding claimant's lumbar impairment was overcome, and adjusted his whole person impairment rating from thirty-six percent to twenty-five percent. The ALJ also interpreted the DIME physician's silence regarding thoracic impairment as implicating a rating of zero percent, and found that such opinion had been overcome by clear and convincing evidence. The ALJ finally determined that the treating physician's opinion that claimant suffered eight percent impairment of the thoracic spine was more credible than the opinion of employer's IME physician. Employer again sought review. The Panel affirmed the impairment rating in the 2002 order and denied claimant's request for attorney fees.

## I.

■ Claimant asserts that employer was precluded from challenging the ALJ's finding that she sustained a twenty-five percent non-thoracic impairment because employer did not challenge that finding in its petition to review the ALJ's 2000 order. We agree.

■ When an amendment to a judgment substantially affects the rights of the parties, they must be given a new opportunity to appeal, and the time for appeal commences to run from date of entry of the amended judgment. However, if the rights of the appealing party are not materially affected by the amendment and the relief from judgment could have been sought prior to the amendment, the time for appeal is not extended. *In re Marriage of Everhart,* 636 P.2d 1321 (Colo.App.1981).

Here, in its petition to review the ALJ's 2000 order, employer contested only the finding that claimant sustained eight percent impairment to the thoracic spine. It did not contest the entire thirty-one percent rating until it sought review of the ALJ's 2002 amended order. Hence, employer could, and should, have raised the latter issue in the earlier petition to review the 2000 order. Accordingly, by failing to do so then, employer waived the right to do so later.

## II.

Employer asserts that claimant is not entitled to permanent partial disability benefits based upon a rating of thirty-one percent of the whole person. It argues that the ALJ erred in considering whether the DIME physician's nonrating of the thoracic spine was overcome by clear and convincing evidence because neither party disputed his opinion that claimant had no impairment of the thoracic spine. According to employer, the ALJ's sua sponte action denied it due process. We disagree.

### A.

■ First, we reject claimant's argument that employer does not have standing to argue a violation of due process. Even if employer lacked standing, any error in addressing the issue is harmless because we conclude that employer was not denied due process.

### B.

■ As a matter of diagnosis, the assessment of permanent medical impairment requires a rating physician to identify and evaluate all losses and restrictions that result from the injury. *Qual–Med, Inc. v. Indus.*

*Claim Appeals Office,* 961 P.2d 590 (Colo. App.1998).

■ Thus, we agree with the Panel that once employer indicated that the rating of neither the treating physician nor the DIME physician was correct, it could not be surprised that the ALJ adjudicated the existence of permanent impairment to the thoracic spine. This is so even though claimant did not contest the DIME physician's rating.

■ The DIME physician's finding concerning a claimant's impairment rating is binding on the parties unless overcome by clear and convincing evidence. Section 8-42-107(8)(c), C.R.S.2002; *Whiteside v. Smith,* 67 P.3d 1240 (Colo.2003). Whether the DIME physician's rating has been overcome is a question of fact for determination by the ALJ. *See Wackenhut Corp. v. Indus. Claim Appeals Office,* 17 P.3d 202 (Colo.App.2000).

Here, the ALJ specifically found that the DIME physician's explicit opinion concerning impairment to claimant's lumbar spine and implicit opinion regarding the thoracic spine was overcome by clear and convincing evidence. Thus, as the Panel stated, the ALJ was free to consider the other medical evidence concerning claimant's permanent medical impairment. *Cf. Monfort Transp. v. Indus. Claim Appeals Office,* 942 P.2d 1358 (Colo.App.1997)(if a factual issue arises as to the attainment of MMI, then the ALJ must resolve that issue).

Finally, we agree with the Panel that substantial evidence supports the ALJ's finding that the DIME physician erred in failing to include a rating for permanent medical impairment to the thoracic spine.

■ Prior to viewing the videotapes, the IME physician rated claimant's thoracic spine impairment at six percent and conceded that his rating was similar to the rating assigned by the treating physician. Thus, the ALJ was not required to accept the IME physician's later changed opinion concerning claimant's impairment. *See Blue Mesa Forest v. Lopez,* 928 P.2d 831 (Colo. App.1996)(where authorized treating physician issues conflicting opinions concerning MMI, it is for the ALJ to resolve the conflict). Instead, the ALJ could reject even

uncontroverted evidence, and we are bound by the ALJ's factual determinations even when the evidence is conflicting and would have supported a contrary result. *Pacesetter Corp. v. Collett,* 33 P.3d 1230 (Colo.App. 2001). We decline to address claimant's argument that employer does not have standing to argue a violation of due process. Our holding here makes any consideration of the standing issue irrelevant.

### III.

Claimant also asserts that the Panel erred in denying her request for attorney fees. We agree that this issue must be reconsidered.

Section 8-43-301(14), C.R.S.2002, provides that the signature of an attorney on a petition to review constitutes a certificate that "it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass, cause delay, or unnecessarily increase the cost of litigation."

Here, we have concluded that in contesting the thirty-one percent rating, employer raised a new argument. Hence, we reject the Panel's finding that employer did not raise new arguments in its petition for review of the 2002 order which it should have raised in the first review. Therefore, there is no support for the Panel's denial of attorney fees under § 8-43-301(14).

Accordingly, it is necessary to remand this issue to the Panel to reconsider claimant's request for attorney fees under § 8-43-301(14).

The portion of the Panel's order determining permanent medical impairment is affirmed. The portion of the order denying claimant's request for attorney fees is set aside, and the case is remanded to the Panel for reconsideration of that request.

Judge NEY and Judge WEBB concur.