**Todd WARTHEN, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE of Colorado, Cherry Creek School District No. 5, and G.E. Young, Respondents.**

No. 04CA0506.

Colorado Court of Appeals, Div. III.

Sept. 9, 2004.

Slevin & Dotson, P.C., Sean Dotson, Dawn Watts, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Nathan, Bremer, Dumm & Myers, P.C., Anne Smith Myers, Allison R. Ailer, Denver, Colorado, for Respondents Cherry Creek School District No. 5 and G.E. Young.

Opinion by Judge TAUBMAN.

Todd Warthen (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that Cherry Creek School District No. 5 and its insurer, G.E. Young (collectively employer), were liable for permanent partial disability benefits based on a scheduled impairment rating and a whole person rating. We affirm.

Claimant suffered an admitted shoulder injury. Based on the authorized treating physician's impairment rating, employer filed a final admission of liability (FAL) for the payment of a scheduled disability award for forty-eight percent loss of use of the arm at the shoulder. Claimant objected and requested a division-sponsored independent medical examination (DIME).

The DIME physician agreed that claimant sustained a forty-eight percent impairment to the right upper extremity (RUE) and noted that this rating converts to a twenty-nine percent whole person impairment. However, unlike the authorized treating physician, the DIME physician opined that claimant also sustained a seven percent whole person impairment of the cervical spine.

Consistent with the DIME physician's findings, employer filed an amended FAL for a scheduled disability award based on the forty-eight percent RUE impairment, as well as the seven percent whole person cervical impairment. Claimant objected to the amended FAL, and at the hearing he argued that he was entitled to compensation based on a twenty-nine percent whole person impairment rating, which is the converted whole person rating for the RUE. In so doing, he conceded that he would, in effect, forfeit benefits associated with the seven percent whole person cervical impairment rating.

The administrative law judge (ALJ) found that claimant did not challenge the DIME physician's impairment ratings. The ALJ also found that claimant failed to prove that the situs of functional impairment for the RUE extended beyond the extremity. Therefore, the ALJ determined that § 8–42–107(7)(b)(II), C.R.S.2003, precluded an award of medical impairment benefits for the RUE based on the whole person conversion of the DIME physician's upper extremity rating. The Panel affirmed.

Claimant contends that the Panel erred in relying on § 8–42–107(7)(b)(II) to deny his request for medical impairment benefits based on the twenty-nine percent whole person rating. He argues that he is penalized because his functional impairment is severe enough to be ratable, whereas if his cervical impairment had not been sufficiently severe to warrant a rating, he would have been entitled to benefits based on the converted twenty-nine percent whole person rating for his RUE impairment. We are not persuaded.

■ Section 8–42–107(1), C.R.S.2003, provides that a claimant is limited to a scheduled disability award if the claimant suffers an "injury or injuries" described on the schedule in § 8–42–107(2), C.R.S.2003. Where the claimant suffers an injury not enumerated in § 8–42–107(2), the claimant is entitled to whole person impairment benefits under § 8–42–107(8), C.R.S.2003. *Strauch v. PSL Swedish Healthcare Sys.*, 917 P.2d 366 (Colo. App.1996). Thus, scheduled injuries may not

be compensated with whole person medical impairment benefits. *United Airlines, Inc. v. Indus. Claim Appeals Office*, 993 P.2d 1152, 1158, n. 7 (Colo.2000)(§ 8–42–107(7)(b)(I) legislatively overrules contrary rule set forth in *Mountain City Meat Co. v. Oqueda*, 919 P.2d 246 (Colo.1996)).

Furthermore, as relevant here, § 8–42–107(7)(b)(II) provides:

Where an injury causes a loss set forth in the schedule in subsection (2) of this section and a loss set forth for medical impairment benefits in subsection (8) of this section, the loss set forth in the schedule found in said subsection (2) shall be compensated solely on the basis of such schedule and the loss set forth in said subsection (8) shall be compensated solely on the basis for such medical impairment benefits specified in said subsection (8).

█ Thus, § 8–42–107(7)(b)(II) governs circumstances where a claimant sustains both scheduled and nonscheduled injuries from the same industrial accident. Without combining or adding individual impairment ratings, the scheduled injury is compensated as a scheduled disability, and the nonscheduled injury must be compensated as whole person impairment. *See Rocky Mountain Cardiology v. Indus. Claim Appeals Office*, 94 P.3d 1182 (Colo.App.2004)(in construing a statute, a court must determine and give effect to the intent of the legislature by giving the language of the statute its plain and ordinary meaning).

█ In the context of § 8–42–107(1), the term "injury" refers to the manifestation in a part or parts of the body that have been functionally impaired or disabled as a result of the industrial accident. *Strauch v. PSL Swedish Healthcare Sys., supra.* Thus, where the industrial accident has caused measurable impairment to more than one part of the body, the claimant may have more than one "injury" for purposes of § 8–42–107(7)(b)(II).

█ It follows that where the ALJ finds functional impairment to the whole person, *see Walker v. Jim Fuoco Motor Co.*, 942 P.2d 1390 (Colo.App.1997)(situs of functional impairment is question of fact for the ALJ), and

the DIME physician has assigned a whole person impairment rating, *see* § 8–42–107(8)(c), C.R.S.2003, the DIME physician's rating is binding unless overcome by clear and convincing evidence. *Whiteside v. Smith*, 67 P.3d 1240 (Colo.2003); *Mosley v. Indus. Claim Appeals Office*, 78 P.3d 1150 (Colo.App.2003). Further, the ALJ's determination of the situs of the impairment must be affirmed if it is supported by substantial evidence. *See Walker v. Jim Fuoco Motor Co., supra.*

Here, the ALJ recognized that the issue was whether claimant's scheduled rating of impairment should be converted to whole person impairment based on functional impairment to the RUE beyond the extremity. The ALJ found that the DIME physician opined that movement of the right arm was causing a continuing injury to claimant's neck. Further, the ALJ quoted the DIME physician's deposition testimony that "all of the impairment outside the upper extremity is encompassed in [the] cervical impairment rating," and claimant's cervical strain was reactivated every time he used his arm.

█ Also, the ALJ approved employer's amended FAL for the payment of scheduled disability benefits based on forty-eight percent loss of use of the arm at the shoulder and medical impairment benefits based on seven percent of the whole person for the cervical condition. Under these circumstances, we conclude there is record support for the ALJ's determination that claimant's functional impairment for the RUE was fully compensated as a forty-eight percent loss of use of the arm at the shoulder and all functional impairment beyond the arm was fully compensated by the DIME physician's seven percent whole person rating. Consequently, we reject claimant's contention that the ALJ's finding of no functional impairment beyond the RUE is inconsistent with the finding that the shoulder injury caused the neck problem.

We also reject claimant's contention that the Panel erred in finding that claimant would be compensated twice for the same impairment if the scheduled disability impairment is converted to a whole person impair-

ment for purposes of combining it with the separately ratable cervical condition. The ALJ determined that the functional impairment to the extremity was fully enumerated on the schedule of disabilities and that any functional impairment not on the schedule was compensated by the separate whole person impairment rating. Because there are two separately ratable impairments for the same industrial accident, the ALJ correctly determined that § 8–42–107(7)(b)(II) precluded conversion of the scheduled disability rating to a whole person impairment rating.

The order of the Panel is affirmed.

Judge DAILEY and Judge GRAHAM concur.