Rebecca KOLAR, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE of Colorado, Reed Elsevier, Inc., and Zurich American Insurance Company, Respondents.

No. 04CA2194.

Colorado Court of Appeals, Div. II.

Sept. 8, 2005.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

White and Steele, PC, John M. Lebsack, Denver, Colorado, for Respondents Reed Elsevier, Inc. and Zurich American Insurance Company.

VOGT, J.

In this workers' compensation proceeding, Rebecca Kolar (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that she is limited to a scheduled disability award for permanent disability benefits and is not entitled to a whole person disability award. We affirm.

## I.

Claimant sustained admitted injuries to her right upper extremity in May 2001 and to her left upper extremity in January 2003. The claims were consolidated, and claimant underwent a division-sponsored independent medical examination (DIME). The DIME physician diagnosed both injuries as cumulative trauma disorder and rated the right upper extremity impairment at thirty-five percent and the left upper extremity at fourteen percent. In reliance on Department of Labor & Employment Rule XIX(G)(2), 7 Code Colo. Regs. 1101–3, which contains the cumulative trauma guidelines, the DIME physician then converted the impairment ratings to whole person ratings of twenty-one percent and eight percent respectively, which yielded a final combined whole person rating of twenty-six percent.

Reed Elsevier, Inc., and its insurer, Zurich American Insurance Company (collectively, employer), filed a final admission of liability based upon the DIME physician's impairment ratings of thirty-five percent and fourteen percent. Claimant objected and applied for a hearing, seeking, among other things, conversion to a whole person impairment rating.

Following an evidentiary hearing, the administrative law judge (ALJ) found that claimant had not suffered any loss or functional impairment beyond both upper extremities and that claimant's injuries were therefore scheduled injuries. Accordingly, under the applicable statutes, claimant was not entitled to a whole person permanent impairment rating. On review, the Panel affirmed.

## II.

■ Claimant contends that the ALJ erred by disregarding the DIME physician's whole person rating and the provisions of Rule XIX(G)(2) to limit her to a scheduled disability award. We disagree.

Section 8–42–107(1)(a), C.R.S.2004, limits a claimant to a scheduled disability award if the claimant suffers an "injury or injuries" described in § 8–42–107(2), C.R.S.2004. *Strauch v. PSL Swedish Healthcare System,* 917 P.2d 366 (Colo.App.1996). Thus, while a claimant who suffers an injury not enumerated in § 8–42–107(2) is entitled to whole person impairment benefits under § 8–42–107(8), C.R.S.2004, *see* § 8–42–107(1)(b), C.R.S.2004; *Warthen v. Indus. Claim Appeals Office,* 100 P.3d 581 (Colo.App.2004), scheduled injuries may not be compensated with whole person medical impairment benefits. *See United Airlines, Inc. v. Indus. Claim Appeals Office,* 993 P.2d 1152, 1158 n. 7 (Colo.2000)(§ 8–42–107(7)(b)(I), C.R.S.2004, legislatively overrules contrary rule recognized in *Mountain City Meat Co. v. Oqueda,* 919 P.2d 246 (Colo.1996)).

The term "injury," as used in § 8–42–107(1)(a), refers to the situs of the functional impairment, meaning the part of the body that sustained the ultimate loss, and not necessarily the situs of the injury itself. *Walker v. Jim Fuoco Motor Co.,* 942 P.2d 1390 (Colo. App.1997).

The "loss of an arm above the hand including the wrist" is a scheduled injury. Section 8–42–107(2)(a.5), C.R.S.2004.

■ Whether a claimant has suffered an impairment that can be fully compensated under the schedule of disabilities is a factual question for the ALJ, whose determination must be upheld if it is supported by substantial evidence. *Walker v. Jim Fuoco Motor Co., supra.* That determination is distinct from, and should not be confused with, the treating physician's rating of physical impair-

ment under the American Medical Association Guides to the Evaluation of Permanent Impairment (rev.3d ed.) (AMA Guides). *Strauch v. PSL Swedish Healthcare System, supra; see also City Market, Inc. v. Indus. Claim Appeals Office,* 68 P.3d 601, 603 (Colo. App.2003)("The determination whether a claimant sustained a scheduled or nonscheduled injury is a question of fact for the ALJ, not the rating physician.").

Based on the DIME physician's testimony that claimant had no symptoms in either arm above the level of the elbow and no functional impairment to a part of the body above the level of the elbow, the ALJ found as a factual matter that claimant had suffered scheduled injuries. *See* § 8–42–107(2)(a.5). Then, citing language in § 8–42–107(1)(a) providing that an employee whose injury is on the schedule in § 8–42–107(2) "shall be limited to medical impairment benefits as specified in [§ 8–42–107(2) ]," the ALJ concluded that "a whole person permanent impairment rating is not appropriate in this case."

Although claimant does not challenge the ALJ's finding that her functional impairment did not extend beyond both upper extremities, she nevertheless maintains that the ALJ and the Panel erred in rejecting the DIME physician's conversion of her upper extremity impairment ratings to a whole person impairment rating, in accordance with Rule XIX(G)(2) and the AMA Guides. We do not agree.

### A.

As claimant correctly notes, § 8–42–101(3.7), C.R.S.2004, provides that DIME physicians are to use the AMA Guides in making their physical impairment ratings. *See Wilson v. Indus. Claim Appeals Office,* 81 P.3d 1117 (Colo.App.2003). The conversion undertaken by the DIME physician here was, according to his testimony, consistent with the AMA Guides.

Nevertheless, compensability was not an issue for the physician to decide, and we conclude that neither § 8–42–101(3.7) nor the AMA Guides can be read as superseding or overriding the express legislative directive in § 8–42–107(1) regarding how benefits are to be calculated for employees who have sustained only scheduled injuries. To the extent § 8–42–101(3.7) and § 8–42–107(1) are incon-

sistent, we conclude that the ALJ properly relied on the statute specifically addressing the compensability issue that was before her. *See* § 2–4–205, C.R.S.2004; *Freemyer v. Indus. Claim Appeals Office,* 32 P.3d 564 (Colo. App.2000).

### B.

■ Nor do we agree that application of Rule XIX(G)(2) requires a different result.

The cumulative trauma disorder rating scheme set forth in Rule XIX(G)(2) includes a provision directing the rating physician to convert each upper extremity impairment to a whole person rating when the impairment is bilateral. The whole person ratings are then to be combined to reach the overall rating. The DIME physician testified that he arrived at a whole person rating in this case "simply because that's how Rule XIX instructs one to do it." The physician testified that he thought the reason for the rule was to account more fully for all the impairments inherent in a cumulative trauma injury.

To read Rule XIX(G)(2) as requiring scheduled injuries related to cumulative trauma disorder to be rated as a whole person impairment in all circumstances would make it inconsistent with § 8–42–107(1)(a), and such inconsistency would render the regulation void. *See Suetrack USA v. Indus. Claim Appeals Office,* 902 P.2d 854 (Colo. App.1995)(an administrative regulation is not the equivalent of a statute, and if it is contrary to or inconsistent with the regulatory authorizing statute, it is void).

Therefore, we conclude that Rule XIX(G)(2) must be read as requiring a cumulative trauma disorder to be compensated as a whole person impairment only where the claimant has suffered a functional impairment not found on the schedule of disabilities.

This reading is consistent with the interpretation reached by the Panel in this and other cases, and we afford deference to that interpretation. *See Jiminez v. Indus. Claim Appeals Office,* 51 P.3d 1090 (Colo.App.2002)(adopting Panel's construction of regulation and noting that administra-

tive agency's interpretation of its own regulations is generally entitled to great weight). Although claimant asserts that the Panel took an opposite view of the issue in one of its cases, the Panel addressed this contention and concluded that the case cited by claimant was distinguishable.

In sum, the ALJ did not err in concluding that, based on the DIME physician's assessment of claimant's functional impairment, the applicable statutes did not permit an award of whole person impairment benefits.

### III.

We also reject claimant's related contention that the ALJ exceeded her authority in deciding the issue addressed above because the matter did not come before her for "factual resolution of the issue of scheduled versus whole person impairment."

As noted, whether claimant sustained a scheduled or nonscheduled injury was a question of fact for the ALJ, not for the DIME physician. *See City Market, Inc. v. Indus. Claim Appeals Office, supra.* Further, claimant had requested a whole person permanent impairment rating and a penalty for employer's failure to admit to the DIME physician's whole person permanent impairment rating. Whether claimant sustained scheduled or nonscheduled injuries was an issue necessarily implicated in the determination of whether she was entitled to the relief she sought, and, therefore, was properly before the ALJ.

Finally, because claimant did not raise the issue before the ALJ or the Panel, we do not address her argument that employer's noncompliance with § 8–42–107.2(4), C.R.S.2004, deprived the ALJ of authority to hear the dispute. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986).

The order is affirmed.

Judge ROTHENBERG and Judge WEBB concur.