John WILLIAMS, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Robert J. Husson, Director of the Division of Labor, Sterling Beef, and Liberty Mutual Insurance Company, Respondents.

No. 85CA1393.

Colorado Court of Appeals, Div. I.

June 26, 1986.

Arthur R. Waldinger, P.C., George T. Ashen, James E. Freemyer, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Robert J. Husson.

Donald E. Cordova, P.C., Michael A. Perales, Denver, for respondents Sterling Beef and Liberty Mut. Ins. Co.

PIERCE, Judge.

John Williams (claimant) seeks review of a final order of the Industrial Commission which denied his claim for workmen's compensation disability and medical benefits. He argues that the findings were ambiguous. We affirm with respect to disability benefits and set aside and remand with respect to medical benefits.

Claimant was a meat packer for Sterling Beef (employer). On January 19, 1984, he was lifting chucks, weighing 50 pounds, when he felt pain in his neck and shoulder. Claimant did not report the injury to the employer immediately, but worked the rest of that day and the following day.

On approximately January 23, claimant was seen by the employer's doctor. The doctor placed claimant on light duty for one week based on a diagnosis of muscle strain.

On January 31, claimant was terminated by the employer. Claimant testified that he was terminated because he had been prematurely returned to heavy lifting and was unable to keep up with the work. The employer's personnel director disputed this, testifying that claimant was a probationary employee and was terminated for having two absences from work during the first 30 days of employment. Company records indicated that one absence was because of "leg cramps" and one because claimant had to pick up his wife at the airport.

Following termination, claimant did not gain regular employment until September 1984 when he became a "lamp washer" for GTE Sylvania. He testified this was light work paying less than he was making with the employer. During the period from January to September claimant was sporadically employed as a card dealer.

The medical evidence concerning claimant's injury is in conflict. The file contains a report dated February 16, 1984, from the company doctor indicating that claimant had pulled muscles in his left neck and shoulder and prescribing medication and heat. The report indicates a referral to Dr. Joshua.

Dr. Joshua filed reports dated March 4 and May 23, 1984. The first report indicates a diagnosis of "minor strain or pulled muscle" in the neck with no orthopedic, neurologic, or vascular deficit. Dr. Joshua opined that there was no permanent disability. The second report indicated tenderness in the shoulder with a "mild to moderate subscapular bursitis." The doctor observed that claimant's complaints were "strictly subjective," that surgery was not necessary, and that the condition should respond to anti-inflammatory medication and heat.

The foregoing reports were in contrast to those of Dr. Susman dated June 26, 1984, and Dr. Urban dated December 17, 1984. Dr. Susman diagnosed "probable rotator cuff tendinitis associated with overuse in repetitive job in meat packing plant." He recommended three months light duty, heat applications, and medication. He predicted "complete recovery."

Dr. Urban found a "palpable crepitus" with motion in the shoulder. He diagnosed a rotator cuff injury and recommended

treatments to include physical therapy and injections.

The employer, on April 4, 1984, filed a "limited admission of liability," admitting that claimant had sustained an accidental injury arising out of and in the course of employment. The employer admitted liability for medical expenses, but denied liability for disability benefits.

The Commission found that claimant sustained a neck and shoulder injury on January 19. Further it found that claimant did not miss work because of the injury, although light duty was assigned for one week. Concerning the termination, it concluded that claimant was dismissed because of absences unrelated to the injury. The only finding concerning the medical evidence was that Dr. Joshua diagnosed claimant as having a minor muscle strain, and that Joshua prescribed medication but did not restrict claimant from working.

Based on these findings, the Commission concluded that claimant failed to sustain his burden of proof that he was "temporarily or totally disabled or entitled to medical benefits." Therefore all claims, except those admitted, were denied and dismissed.

## I.

■ Claimant first contends that the Commission's order is ambiguous with respect to claimant's right to medical benefits. Specifically, claimant notes that the employer admitted liability for medical benefits, and this fact was mentioned in the order. Nevertheless, the Commission went on to find that claimant had failed to prove his entitlement to medical benefits and denied the claim for medical benefits. We agree that the order is ambiguous.

Section 8–49–101(1)(a), C.R.S. (1985 Cum. Supp.) obligates the employer to provide medical care "as may reasonably be needed at the time of the injury ... and thereafter during the disability ... to cure and relieve from the effects of the injury." Here, the employer admitted that an accidental injury occurred, and that it was liable for medical benefits under § 8–49–101(1)(a). Consequently, it was bound by its admission, and

was obligated to pay accordingly. Section 8–53–102(2), C.R.S. (1985 Cum.Supp.); *Vargo v. Industrial Commission*, 626 P.2d 1164 (Colo.App.1981).

Further, it does not appear that claimant's "entitlement" to medical benefits was even an issue before the hearing officer. Both parties did request a hearing dealing, in part, with medical benefits. However, at the hearing itself, they stipulated that the "only" issues were "permanent disability and temporary partial disability."

Under these circumstances, the Commission's order is ambiguous insofar as it found no "entitlement" to medical benefits. While an employer who has admitted liability for medical benefits might dispute a claimant's need for continued medical benefits because an injury is cured, or dispute the authorization for, or necessity of, a particular treatment, such was not the case here.

The order must be set aside with respect to medical benefits and the matter remanded to the Commission for a determination of what medical expenses should be paid.

## II.

Claimant next contends that the findings of fact are insufficient to support the denial of temporary disability benefits. He argues that the order fails to find, as a matter of fact, whether claimant's injury interfered with his ability to earn income subsequent to his termination on January 31, 1986. We reject this contention.

■ The Commission correctly determined that claimant failed to carry the burden of proof to demonstrate that he was temporarily disabled subsequent to January 31. *See Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983). In expressing its findings and conclusions on this issue, the Commission was not required specifically to reject evidence which it found unpersuasive. The only requirement was that it be specific as to that evidence which it deemed "to be persuasive and determinative of the issues to be re-

solved." *Crandall v. Watson-Wilson Transportation System, Inc.*, 171 Colo. 329, 467 P.2d 48 (1970).

In our view the Commission found facts which, when measured against evidence that it presumably found unpersuasive, justify its conclusion. Specifically, the Commission found that claimant had not missed any work because of the injury prior to January 31, despite being on light duty. When Dr. Joshua issued his first report on March 4, claimant was diagnosed as suffering a minor muscle pull for which no medical restrictions were imposed. A plausible conclusion from this state of the evidence was that claimant failed to prove any injury sufficient to miss work or otherwise impair earning capacity. Therefore, he failed to prove temporary disability.

### III.

Claimant also contends that the order is ambiguous concerning his claim for permanent disability benefits. He argues that the order does not specifically reject his claim, and that the order is premature because there is no finding regarding maximum medical improvement.

█ It is true that the order does not, by word, mention permanent disability. It does, however, deny all claims not admitted by the employer. Because the parties agreed at the commencement of the hearing that permanent disability was an issue, there can be no doubt that the claim for permanent disability was rejected.

The claimant argues that, even if the permanent disability claim was rejected, that issue was premature without any finding of maximum medical improvement. He notes that Dr. Joshua prescribed medication in his March 4 order, and recommended anti-inflammatory medication and heat in the May 23 order. Doctors Susman and Urban recommended more extensive treatments, and Susman recommended light duty for three months.

█ It is true that a finding of maximum medical improvement is a prerequisite to an award of permanent disability. *Golden Age Manor v. Industrial Commission,* 716 P.2d 153 (Colo.App.1985). However, no such finding is necessary to deny a claim for permanent disability when claimant fails to prove a disabling injury in the first instance.

As noted above, the import of the Commission's findings is that the claimant failed to prove that his injury was disabling. There is evidentiary support for this finding, and we are not free to alter factual findings based on a resolution of conflicts in the evidence. *F.R. Orr Construction v. Rinta,* 717 P.2d 965 (Colo.App.1985).

### IV.

Employer's argument that the petition for review fails to raise any of the statutory grounds for review is without merit.

The order is affirmed with respect to the denial of temporary and permanent disability benefits. The order is set aside with respect to the denial of medical benefits, and the matter remanded for further proceedings consistent with this opinion.

STERNBERG and METZGER, JJ., concur.