**HLJ MANAGEMENT GROUP, INC.,
and Colorado Compensation
Insurance Authority, Petitioners,**

v.

**Won Il KIM, the Industrial Claim Appeals Office of the State of Colorado and Director of the Division of Labor, Respondents.**

No. 89CA1893.

Colorado Court of Appeals,
Div. I.

July 26, 1990.

Rehearing Denied Aug. 23, 1990.

Certiorari Denied Feb. 4, 1991.

John Berry, Denver, for petitioners.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for respondent Won Il Kim.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Tony Arguello, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director of the Div. of Labor.

Opinion by Judge HUME.

Petitioners, HLJ Management Group, Inc. (employer) and the Colorado Compensation Insurance Authority, seek review of the final order of the Industrial Claim Appeals Office (Panel) awarding Won Il Kim (claimant) temporary total disability benefits based upon the average weekly wage as set forth in petitioners' admission of liability. We set the order aside and remand to the Panel with directions.

Claimant was injured in a compensable industrial accident on September 1, 1987. Petitioners timely filed an admission of liability pursuant to § 8–53–102, C.R.S. (1986 Repl.Vol. 3B) in which claimant's average weekly wage was represented to be $191.07 and his temporary disability entitlement was computed at $127.38 per week. Subsequently, claimant filed an application for hearing to determine, among other things, the amount of his average weekly wage. Petitioners responded, joining in claimant's request for a determination of his average weekly wage and the resulting disability entitlement.

At the hearing conducted on October 20, 1988, pursuant to claimant's request, the Administrative Law Judge (ALJ), relying on evidence submitted by claimant as derived from the employer's payroll records, determined claimant's average weekly wage to be $175.25 rather than $191.17 as previously admitted by petitioners. Based upon that evidentiary finding, the ALJ awarded temporary disability compensation benefits in favor of claimant at the rate of $116.83 per week for the period of prehearing disability. Benefits were ordered to continue at that weekly rate pending further order.

Petitioners sought review of the ALJ's order by the Panel, asserting that the ALJ had erred by including contributions to employee pension funds, vacation benefit allowances, and uniform maintenance allowances in computing claimant's average weekly wage.

On review, the Panel concluded that the ALJ had erred in recomputing claimant's average weekly wage based upon evidence presented at the hearing. Relying upon our decisions in *Williams v. Industrial Commission*, 723 P.2d 749 (Colo.App.1986) and *Vargo v. Industrial Commission*, 626 P.2d 1164 (Colo.App.1981), the Panel determined that petitioners' admission of liability was conclusively determinative of the amount of claimant's average weekly wage. Thus, the Panel modified the ALJ's order so as to reinstate claimant's entitlement to benefits in accordance with petitioners' admission of liability and declined to address petitioners' contentions on review.

Petitioners contend that the Panel erred in concluding that they were bound by their admission of liability and in rejecting the ALJ's findings based upon evidence presented at the October 20 hearing. We agree in part with petitioners' contentions.

Section 8–53–102(1), C.R.S. (1986 Repl. Vol. 3B) requires the employer of a person who suffers a disabling industrial injury to give notice of the injury to his insurance carrier and to the division of labor, together with the employer's or insurance carrier's admission or denial of liability.

■ Section 8–53–102(2), C.R.S. (1989 Cum.Supp.), effective July 1, 1988, provides, in pertinent part:

"If the employer or ... his insurance carrier admits liability for final payment of compensation to be paid ... payment thereon shall be made forthwith. An admission of liability for final payment of compensation shall include a statement that this is the final admission by the workmen's compensation insurance carrier in the case, that the claimant may contest this admission if he feels he is entitled to more compensation ... and notice that if he does not contest the final admission in writing within sixty days of the date of final admission the case will be automatically closed as to the issues admitted in the final admission.... Hearings may be set to determine any matter, but, if any liability is admitted, payments shall continue according to admitted liability."

Section 8–53–102 is part of a statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination of the employer's duty to provide benefits in cases that do not present a legitimate controversy. The statute's purpose is to provide a mechanism for the employer's early payment of appropriate benefits to injured employees and to insure the employer's voluntary cooperation by imposition of penalties for non-compliance and allowance of interest for nonpayment. *See* §§ 8–52–109, 8–53–102, and 8–53–116, C.R.S. (1986 Repl.Vol. 3B). *See also Smith v. Myron Stratton Home*, 676 P.2d 1196 (Colo.1984).

In *Vargo v. Industrial Commission, supra*, we held that § 8–53–102 generally requires an employer to continue payment pursuant to admission of liability until ordered to stop by the division of employment, and that that requirement cannot be unilaterally abrogated by the employer. However, we also held that the portion of the statute that provides for hearings to determine any matter permits the employer to obtain relief from improvident or erroneous admissions. Indeed, in *Vargo*, the employer's admission was found to have been fraudulently induced by the employee's false representations, and, under those peculiar circumstances, we held that the admission was void *ab initio*.

In *Williams v. Industrial Commission, supra*, we held that, since an employer had admitted liability for medical benefits and had entered a stipulation with the employee that only issues of disability were to be determined at the scheduled administrative hearing, it was error for the commission to enter an order limiting the employer's liability for medical benefits.

Here, unlike the circumstances in *Williams, supra,* the claimant placed in issue the subject of his average weekly wage, and he requested that that issue be determined upon evidence adduced at the hearing. However, when the evidence that claimant introduced convinced the ALJ that the employer's admission of disability liability was erroneously high, claimant sought to enforce liability under the very admission he had elected to contest.

 While we recognize that the provisions of the Workers' Compensation Act should be interpreted to favor the beneficent purpose of providing speedy and just compensation to injured workers, the Act should not be interpreted to preclude fair consideration of an employer's right to just and equitable treatment.

Accordingly, we hold that if an admission of liability is contested by either party, the determination of the matter thus placed in issue is subject to determination by the ALJ at the adversary hearing. The admission is binding only until the controverted issue is determined after the hearing.

However, applying the *Vargo* analysis to the facts of this case, we conclude that the ALJ's order was incorrect insofar as it retroactively modified the employer's liability pursuant to the erroneous admission. Here, unlike the circumstances in *Vargo, supra,* the erroneous admission was not shown to have been induced by claimant's fraudulent representations. Rather, the employer's mistake resulted from its own erroneous calculation of claimant's average weekly wage. Under the circumstances, the employer's admission cannot be deemed void *ab initio.*

Hence, we conclude that the Panel erred in modifying the ALJ's order as to disability payments payable after its entry, but that the Panel correctly determined that the employer was bound by its admission of liability as to payments required prior to entry of the ALJ's order.

We further conclude that the Panel also must consider the merits of petitioners' contentions that the ALJ erred in including various fringe benefits in determining claimant's average weekly wage. Since those contentions may affect the employer's liability for compensation accruing after the effective date of the ALJ's order, they cannot be considered moot.

The order of the Panel is set aside, and the cause is remanded for reconsideration and further modification in accord with the views expressed in this opinion.

PIERCE and MARQUEZ, JJ., concur.