**Richard ALLISON, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO, MAI Mechanical, Inc., and Colorado Compensation Insurance Authority, Respondents.**

**No. 95CA0147.**

Colorado Court of Appeals,
Div. V.

Nov. 9, 1995.

Rehearing Denied Nov. 9, 1995.

Certiorari Denied April 29, 1996.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, for Petitioner.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Baird, Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office of the State of Colorado.

Douglas A. Thomas, Denver, for Respondents MAI Mechanical, Inc., and Colorado Compensation Insurance Authority.

Opinion by Judge RULAND.

Richard Allison (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel (Panel) denying his request for imposition of penalties against respondents, MAI Mechanical, Inc. (employer) and its insurer, Colorado Compensation Insurance Authority (CCIA). We affirm.

Pursuant to an admission of liability for claimant's work-related injury, respondents paid claimant temporary total disability benefits. The amount paid was reduced by the weekly amount CCIA paid claimant from the structured settlement entered into in connection with an unrelated workers' compensation claim. Claimant requested the imposition of penalties against respondents for withholding the full amount of the temporary total disability benefits.

In the first order, the Administrative Law Judge (ALJ) concluded that respondents were not entitled to claim any offset, and that respondents had reduced claimant's temporary total disability benefits without legal justification. Thus, the ALJ imposed penalties pursuant to § 8–43–304(1), C.R.S. (1994 Cum.Supp.). However, in response to respondents' petition to review that order, the ALJ issued a supplemental order denying claimant's request for penalties. The Panel affirmed.

Claimant contends that the Panel erred in denying his request for the imposition of penalties. Claimant argues that, under § 8–43–304, penalties are mandatory because of respondents' failure to pay temporary total disability benefits in compliance with § 8–42–105, C.R.S. (1994 Cum.Supp.). This statute provides that a claimant shall receive temporary total disability benefits at the rate of

two-thirds of the average weekly wage. We are not persuaded.

Section 8–43–304(1) provides for the imposition of penalties against:

> Any employer or insurer ... who *violates any provision* of articles 40 to 47 of this title, or does any act prohibited thereby, or *fails or refuses to perform any duty* lawfully enjoined within the time prescribed by the director or panel, for which no penalty has been specifically provided, *or fails, neglects, or refuses to obey any lawful order* made by the director or panel or any judgment or decree made by any court as provided by said articles shall be ... punished by a fine of not more than five hundred dollars per day for each such offense....

(emphasis added)

Contrary to claimant's contention, we concur with the Panel's conclusion that no violation of the statute appears in this record. Section 8–42–105(1) sets the rate for temporary total disability benefits. However, that section does not mandate a legal duty upon the employer to pay that rate without regard to any claimed offset prior to the ALJ's determination of benefits. Instead, respondents were obligated by statute only to admit or deny liability in a timely manner and pay benefits consistent with that admission. *See* § 8–43–203(1), C.R.S. (1994 Cum.Supp.); *cf. Williams v. Industrial Commission*, 723 P.2d 749 (Colo.App.1986) (employer is bound by an admission and must pay benefits consistent with that admission).

As a result, a violation of the ALJ's initial order was the first event that could have triggered imposition of any penalty.

The order of the Panel is affirmed.

ROY and SMITH *, JJ., concur.