John CODY, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO,
El Paso County Search and Rescue and
Colorado Compensation Insurance Au-
thority, Respondents.

No. 96CA0485.

Colorado Court of Appeals,
Div. III.

Oct. 24, 1996.

Rehearing Denied Dec. 12, 1996.

Certiorari Denied Aug. 4, 1997.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for Petitioner.

Michael J. Steiner, Denver, for Respondents El Paso County Search and Rescue and Colorado Compensation Insurance Authority.

No Appearance for Industrial Claim Appeals Office

Opinion by Judge JONES.

John Cody (claimant) seeks review of the final order issued by the Industrial Claim Appeals Panel (Panel) affirming an order of the Administrative Law Judge (ALJ). In the order, the ALJ granted the request of the Colorado Compensation Insurance Authority and its insured, El Paso County Search and Rescue (collectively the CCIA) for an offset against the federal Social Security Disability (SSD) benefits received by claimant between May 1, 1991, and August 1, 1994, and for a recoupment of overpaid disability benefits through a $25 per week reduction in claimant's temporary total disability (TTD) benefits. We affirm.

Claimant sustained a compensable injury on July 6, 1987, while participating in a rescue mission. From July 7, 1987, until August 13, 1991, he received temporary disability benefits. He reached maximum medical improvement on October 12, 1991, and, pursuant to CCIA's final admission of liability, was awarded permanent partial disability benefits in the lump sum amount of $37,500.

On April 6, 1993, claimant petitioned to reopen his claim alleging deterioration in his condition. In June 1993, while his petition was pending, claimant received an award of SSD benefits retroactive to May 1, 1991. The ALJ granted claimant's petition to reopen on May 31, 1994, and ordered the payment of certain medical benefits.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Thereafter, the CCIA offered to pay claimant for his vocational rehabilitation, and when he accepted, CCIA admitted liability for temporary disability benefits commencing on August 1, 1994, subject to an offset for claimant's SSD benefits beginning on that same date. CCIA also reduced claimant's temporary disability benefits by $25 per week to recover the overpayment in disability benefits resulting from claimant's receipt of retroactive SSD benefits for the period from May 1, 1991, until August 1, 1994. The ALJ subsequently entered an order approving the offset and recoupment.

On review of the ALJ's order to the Panel, claimant did not challenge the CCIA's statutory right of offset against the SSD benefits he received beginning on August 1, 1994. However, he asserted that the ALJ erred by allowing an offset for the retroactive SSD benefits and also contested the CCIA's ability to recoup the resulting overpayment. The Panel upheld both the offset for retroactive SSD benefits and the prospective reduction of claimant's TTD benefits.

In this appeal, claimant again argues that the ALJ erred by determining that the CCIA had both a right of offset against his retroactive SSD benefits and the right to recoup that offset by reducing his future TTD benefits. We disagree.

Section 8–51–101(1)(c), C.R.S. (1986 Repl. Vol. 3A) (recodified with minor amendments at § 8–42–103(1)(c)(I), C.R.S. (1996 Cum. Supp.)), which applied at the times pertinent here, provides an offset reducing a claimant's aggregate workers' compensation benefits in an amount as equivalent as possible to one-half of the SSD benefits awarded to a claimant.

In *Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo.1988), the supreme court addressed whether the offset set forth in § 8–51–101(1)(c) may be taken retroactively against workers' compensation benefits received prior to the time the insurer invokes its claim of offset. Finding nothing in the language or structure of the workers' compensation legislation indicating a time limitation on the insurer's right of offset, the court declined to construe § 8–51–101(1)(c) as requiring that the offset be asserted only against benefits payable prospectively from the date the offset is claimed. In the court's view, imposition of such a restriction would have been contrary to the specific legislative purpose for the offset, which is to prevent the duplication of disability benefits, regardless of whether the benefits were mistakenly paid or are to be paid in the future.

The claimant in the *Johnson* case further argued that a retroactive application of the offset would contravene the prohibition contained in § 8–53–113, C.R.S. (1986 Repl.Vol. 3B) (recodified with amendments at § 8–43–303, C.R.S. (1996 Cum.Supp.)), which provides that the reopening of a claim shall not affect an earlier award as to moneys already paid. Although the *Johnson* court noted that the claim at issue there remained open at the time the offset was asserted and, consequently, involved no application of § 8–53–113, it nevertheless determined that a reduction in future benefits, in appropriate circumstances, is a permissible method of recouping the amounts due the insurer under its right of offset for benefits mistakenly paid in full prior to its exercise of that right.

We are not persuaded that the closure and subsequent reopening of this claim deprived the ALJ of any authority to order a recoupment of the offset by a reduction in claimant's future benefits. As in the *Johnson* case, the prospective reduction imposed here does not violate § 8–53–113 since claimant is not being required actually to pay back moneys from his initial award.

Further, contrary to the contentions of claimant, *Lewis v. Scientific Supply Co.,* 897 P.2d 905 (Colo.App.1995), does not apply here. That case involved an ALJ's lack of authority to order the recovery of a fraudulently obtained award when the matter had been closed and not reopened. The *Lewis* case also did not involve a claim for offset against future disability benefits.

The order is affirmed.

ROTHENBERG and BRIGGS, JJ., concur.