SAFEWAY, INC., Petitioner,

v.

THE INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO; Director of the Division of Labor and Employment on behalf of The Subsequent Injury Fund; and Bruce Ryan, Respondents.

No. 97CA2192.

Colorado Court of Appeals,
Div. III.

Oct. 29, 1998.

Cairns, Dworkin & Chambers, P.C., Gregory K. Chambers, Denver, Colorado, for Petitioner.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Gregg E. Carson, Assistant Attorney General, Denver, Colorado, for Respondent Director of the Division of Labor and Employment on behalf of The Subsequent Injury Fund.

Opinion by Judge DAVIDSON.

In this workers' compensation proceeding, Safeway, Inc., a self-insured employer, seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding the denial of its request to offset liability to the Subsequent Injury Fund (SIF). We affirm.

Bruce Ryan (claimant) sustained compensable injuries in 1990 and 1992. Based upon the first injury, employer filed a request for offset to the SIF on August 2, 1994, pursuant to Department of Labor and Employment Rules of Procedure Rule XII(A), 7 Code Colo. Reg. 1101–3. Employer filed a final admission of liability admitting liability for permanent total disability on August 12, 1994. The admission was silent with respect to the SIF's liability.

On September 9, 1994, and pursuant to the procedure set forth in Rule XII(A), the presiding Administrative Law Judge (ALJ) entered an order joining the SIF as a party to the proceeding. Thereafter, employer filed additional final admissions of liability in October 1994 and November 1996. Neither of the admissions reflected any claim of offset against the SIF.

After employer and the SIF failed to reach an agreement as to the apportionment of claimant's disability, employer applied for a hearing on that issue. The ALJ found that employer had waived the issue of an offset by failing to reserve it in any of the final admissions that were filed. The ALJ, therefore, denied employer's request for an offset. The denial was upheld by the Panel on review.

Employer now contends that the ALJ erred in finding that it had waived its right to an offset against the SIF by failing to reserve that issue in the final admissions it had filed. We disagree.

Pursuant to § 8–43–203(2), C.R.S. 1998, a final admission of liability must be contested within 60 days; otherwise, the case

automatically will be closed as to the issues admitted. Once a claim has been closed, it is necessary for an employer or its carrier to seek a reopening as set forth in § 8–43–303, C.R.S.1998. *See* § 8–43–203(2)(d), C.R.S. 1998; *Lewis v. Scientific Supply Co.*, 897 P.2d 905 (Colo.App.1995).

An order resulting from an admission which addresses the granting or denial of a particular benefit is an award which must be reopened if additional or different benefits are sought. *Brown & Root, Inc. v. Industrial Claim Appeals Office*, 833 P.2d 780 (Colo. App.1991).

Further, a setoff is in the nature of an affirmative defense, and the party asserting such setoff holds the burden of demonstrating the right to it. *See Johnson v. Industrial Commission*, 761 P.2d 1140 (Colo.1988).

Employer argues that it strictly adhered to Rule XII(A) by requesting an offset to SIF prior to filing a final admission of liability and that it had no notice of any requirement that the issue of SIF's liability be specifically reserved. In the alternative, employer contends that its request for an offset adequately reserved that issue despite the subsequent final admissions. We are not persuaded.

As the Panel noted, the mere fact that employer complied with the rules of procedure concerning a request for offset and the proper joinder of the SIF does not nullify the effect of an uncontested admission under § 8–43–203(2). While such requirement may not be expressly stated in the rules, it is a practical and logical application of the requirements provided for in § 8–43–203(2).

Moreover, although employer maintains that it would have been subject to a penalty if it had not filed an admission in a timely manner, inclusion of a specific reservation would have allowed employer to meet its obligation timely to admit while preserving its right of offset against the SIF. *See HLJ Management Group, Inc. v. Kim*, 804 P.2d 250 (Colo.App.1990) (only those issues in an admission of liability that are contested by a party may be resolved by the ALJ at an adversarial hearing).

We also are unconvinced by employer's assertion that its lack of knowledge regarding the extent, if any, of the SIF's liability prevented it from waiving its right to an offset. If we were to hold that no waiver occurred here, an employer or insurer might effectively foreclose the SIF's ability to contest the issue of permanent total disability. Alternatively, the claimant might again be required to litigate the issue. *See* § 8–46–101(1)(a), C.R.S.1998 (SIF to pay employee balance of compensation due for permanent total disability that is attributable to prior injury); § 8–46–105(1), C.R.S.1998 (if employer disputes impairment rating for the subsequent injury, it shall request an independent medical examination which may be overcome only by clear and convincing evidence).

Consequently, we agree with the Panel that employer's final admission of liability for permanent total disability without reservation of the issue of the SIF contribution is properly construed as an admission that employer was solely liable.

The order is affirmed.

Judge JONES and Judge RULAND concur.