COLORADO COMPENSATION INSUR-
ANCE AUTHORITY, d/b/a Pinnacol As-
surance; and Delivery by Design, LLC.,
Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO
and Jason Withrow, Respondents.

### No. 99CA1624.

Colorado Court of Appeals,
Div. V.

June 22, 2000.

Rehearing Denied July 27, 2000.

Certiorari Denied March 12, 2001.*

Curt Kriksciun, Denver, Colorado, for Pe-
titioners Colorado Compensation Insurance
Authority, d/b/a Pinnacol Assurance; and
Delivery by Design, LLC.

Ken Salazar, Attorney General, John D.
Baird, First Assistant Attorney General,
Denver, Colorado, for Respondent Industrial
Claim Appeals Office.

No Appearance for Respondent Jason
Withrow.

Opinion by Judge RULAND.

The sole issue in this workers' compensa-
tion case is whether an insurer may file an
admission of liability agreeing to pay tempo-
rary disability payments for only a limited or
"closed" period without complying with other
statutory and regulatory provisions govern-

---

* Justice KOURLIS would grant as to the following
  issue:

  Whether the court of appeals erred in ruling that
  the Worker's Compensation Act does not permit

an insurer to admit liability for a "closed" or
limited period of temporary disability benefits.

ing the termination of such benefits. We conclude that an insurer may not limit its liability in this manner. We therefore affirm the order of the Industrial Claim Appeals Office (Panel) requiring the employer, Delivery by Design, LLC., and its insurer, Colorado Compensation Insurance Authority, (collectively CCIA) to reinstate temporary total disability (TTD) benefits payable to Jason Withrow (claimant).

Claimant suffered a work-related injury in December 1998. CCIA filed a general admission of liability for the payment of TTD benefits from January 3, 1999, through January 12, 1999. The admission contained a notation that: "CCIA admits to a closed period of wage loss, between DOI [date of injury] and the date of return to school—at which his contract of hire would end."

The Director of the Division of Workers' Compensation (director) determined that an insurer may terminate temporary disability benefits only in accordance with Department of Labor & Employment Rule IX(C)(1)(a)-(f), 7 Code Colo. Reg. 1101–3 (Rule IX), or § 8–42–105(3)(a) through (d), C.R.S.1999. The director also determined that CCIA's general admission did not comply with the rule or the statute. Therefore, CCIA was ordered to reinstate TTD benefits until it complied with Rule IX or obtained a proper order terminating benefits. The Panel affirmed.

CCIA contends that the Panel erred in concluding that an employer may not admit to liability for temporary disability benefits for a closed period of time. We are not persuaded.

■ Temporary disability benefits are payable if an industrial injury causes a disability and if, as a result, the claimant suffers a temporary wage loss. Section 8–42–103(1), C.R.S.1999. Further, the claimant bears the initial burden to prove the entitlement to those benefits. *PDM Molding, Inc. v. Stanberg,* 898 P.2d 542 (Colo.1995).

■ An insurer has no legal duty to admit liability for temporary disability benefits. *See Allison v. Industrial Claim Appeals Office,* 916 P.2d 623 (Colo.App.1995). However, by filing an admission, an insurer has, in effect, admitted that the claimant has sustained the burden of proving entitlement to temporary disability benefits. Once an insurer admits liability, it is bound by that admission and must pay accordingly. *Cibola Construction v. Industrial Claim Appeals Office,* 971 P.2d 666 (Colo.App.1998).

Section 8–42–105(3), C.R.S.1999, provides that a claimant's entitlement to TTD benefits will terminate upon the occurrence of any one of the following four events: (a) the employee reaches maximum medical improvement; (b) the employee returns to regular or modified employment; (c) the attending physician gives the employee a written release to return to regular employment; or (d) the employee is released to return to modified employment and the employer makes a written offer for such, but the employee fails to begin such employment. *Bestway Concrete v. Industrial Claim Appeals Office,* 984 P.2d 680 (Colo.App.1999). Rule IX(C)(1)(a)-(d) substantially mirrors these conditions for termination of temporary disability benefits.

■ Here, CCIA asserts that its general admission terminating temporary disability benefits after the closed period was based on claimant's return to school. However, a return to school is not a ground for the unilateral termination of temporary disability benefits under Rule IX or § 8–42–105(3). Rather, CCIA's assertion of this defense in the appropriate pleading creates a factual question which can be resolved only after a hearing. *See A & R Concrete Construction v. Lightner,* 759 P.2d 831 (Colo.App.1988); Department of Labor & Employment Rule IX(D), 7 Code Colo. Reg. 1101–3.

Contrary to CCIA's contention, in our view § 8–43–203(2)(b)(I), C.R.S.1999, does not authorize an admission of liability for a closed period. That section provides:

If the employer or, if insured, the employer's insurance carrier admits liability, such notice shall specify the amount of compensation to be paid, to whom compensation will be paid, *the period for which compensation will be paid,* and the disability for which compensation will be paid, and payment thereon shall be made immediately. (emphasis supplied)

However, this provision does not address termination of benefits. Instead, § 8–42–105(3) addresses that issue.

To the extent that the two statutes may be read to be in conflict, we defer to the Panel's interpretation as the agency charged with applying those statutes. We do so because that interpretation is not in clear conflict with the two statutes nor does it contravene any announced intent of the General Assembly. *See Miller v. Industrial Claim Appeals Office*, 985 P.2d 94 (Colo.App.1999)(giving due deference to the Panel's interpretation of statute as the agency charged with its enforcement).

Indeed, CCIA's construction would allow an insurer to file multiple admissions for limited periods of disability benefits and, thus, shift the burden of proof to the claimant to reestablish his entitlement to continuing benefits for each succeeding period. We do not believe the General Assembly intended to permit such a convoluted procedure. *See* § 8–40–102(1), C.R.S.1999.

■ Accordingly, we affirm the Panel's holding that if the insurer admits liability for a closed period of temporary disability benefits, the date listed for the termination of benefits must conform to one or more of the statutory grounds listed in § 8–42–105(3) and be documented in accordance with Rule IX.

The order of the Panel is affirmed.

Judge CASEBOLT and Judge STERNBERG ** concur.