Maxie **JIMINEZ**, Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OFFICE, Amax Henderson Project, and Colorado Compensation Insurance Authority, d/b/a Pinnacol Assurance, Respondents.**

No. 01CA2044.

Colorado Court of Appeals, Div. V.

May 23, 2002.

Roger Fraley, Jr., Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Curt Kriksciun, Denver, Colorado, for Respondents Amax Henderson Project and Colorado Compensation Insurance Authority.

Opinion by Judge DAVIDSON.

In this workers' compensation proceeding, Maxie Jiminez (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) allowing respondents, Amax Henderson Project and its insurer, Colorado Compensation Insurance Authority, to assert a retroactive offset for Social Security payments. He also seeks review of the denial of his claim for penalties. We affirm.

Claimant sustained an admitted injury to his back in 1993. He began receiving federal Social Security Disability Insurance (SSDI) benefits in October 1994. Respondents were informed of the SSDI benefits in April 1995.

Claimant reached maximum medical improvement (MMI) in July 1995 and was assigned a 21.6% impairment rating. Respondents filed a general admission of liability in August 1995, which admitted for temporary total disability (TTD) benefits and permanent partial disability benefits in accordance with the rating. However, following a division-sponsored independent medical examination (DIME) in 1996, claimant received a 25% impairment rating. Based upon the DIME rating, respondents filed a final admission for a reduced amount of benefits, bringing claimant up to the statutory $60,000 limit for combined temporary and permanent disability.

Claimant suffered a worsening of condition and underwent surgery in April 1998. Respondents then filed another final admission of liability, admitting again to the $60,000 statutory cap and, for the first time, asserting an offset for SSDI benefits retroactive to October 1994. Respondents filed four more admissions, which all included the SSDI offset. As a result, claimant's TTD benefits, which had been reinstated, were reduced and partially suspended.

Claimant reached MMI for his worsened condition in November 1998. He underwent another DIME and received a 38% impairment rating, which respondents contested. Following a hearing on the DIME rating, the Administrative Law Judge (ALJ) issued an order, dated January 25, 2000, finding that claimant's impairment rating was 32% and directing respondents to pay benefits accordingly. Because claimant's impairment rating increased beyond 25%, there was a corresponding increase in the statutory cap to $120,000.

Respondents resumed paying claimant benefits, but refused to file another final admission.

Claimant subsequently requested a hearing on numerous issues. As pertinent here, he contested respondents' right to take an offset for SSDI benefits retroactive to October 1994. Claimant also sought penalties against respondents based upon their amendment of the admission of liability to take the offset and their failure to file a final admission of liability subsequent to the ALJ's order of January 25, 2000.

The ALJ found that respondents were entitled to reduce benefits payable to claimant by one-half of the SSDI benefits he had received pursuant to § 8–42–103(1)(c)(I), C.R.S.2001. The ALJ, relying on *Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo. 1988), also found that respondents could take that offset retroactively, applying it to future benefits as they had done. The ALJ noted that under *Johnson* an insurer, by its conduct, could waive the right to take an offset, but found that claimant did not prove that such a waiver had occurred.

The ALJ also rejected both claims for penalties. The ALJ reasoned that it would be anomalous to penalize respondents for amending their admission to reflect the taking of a retroactive offset authorized by law. The ALJ further concluded that the requirement of filing an admission within thirty days of a resumption or increase in benefits, as set forth in Dep't of Labor & Employment Rule IV(N)(3), 7 Code Colo. Regs. 1101–3, does not apply to benefits ordered by an ALJ.

The Panel affirmed the foregoing determinations on review.

## I.

■ Claimant first contends that the Panel erred in upholding the ALJ's determination that respondents were entitled to a retroactive offset for the SSDI benefits he had received. We disagree.

In *Johnson v. Industrial Commission, supra,* the supreme court held that the offset for SSDI benefits set forth in § 8–42–103(1)(c)(I) may be taken retroactively against compensation benefits received be-

fore the insurer has invoked the claim of an offset. The court observed that nothing in the statute indicated that an insurer's right of offset was subject to a time limitation. The court further noted that imposing such a restriction would undermine the very purpose of the offset, which is to prevent a windfall of duplicative disability benefits regardless of whether such outcome occurs by mistake.

The *Johnson* court also rejected the argument that a retroactive application of the offset was equivalent to a retroactive withdrawal or revocation of an insurer's admission of liability in violation of former § 8–53–102, Colo. Sess. Laws 1983, ch. 79 at 416–17 (now codified with amendments at § 8–43–203, C.R.S.2001). The court explained that the offset, when taken retroactively, merely adjusts the amount of benefits to accurately reflect the amount to which a claimant is actually entitled. It does not abrogate the insurer's admission of liability or otherwise cause a discontinuation in benefits.

Claimant urges that we distinguish *Johnson.* He argues that, unlike the insurer in *Johnson,* which was unaware of SSDI benefits when the final admission was filed, respondents here knew of such benefits before the first general admission was filed and any benefits were paid. He argues, therefore, that the retroactive assertion of the offset was tantamount to an improper retroactive correction of a mistaken admission. Citing *Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985); *HLJ Management Group, Inc. v. Kim,* 804 P.2d 250 (Colo.App.1990); and *Vargo v. Colorado Industrial Commission,* 626 P.2d 1164 (Colo.App.1981), claimant maintains that a correction can be made only pursuant to an order of the ALJ and only with respect to benefits that have not yet been paid.

However, we conclude that the distinction claimant makes merely restates the argument that the court in *Johnson* rejected. Further, we agree with the Panel that the closure of the 1995 injury claim did not preclude respondents from subsequently invoking the SSDI offset. *See Cody v. Indus. Claim Appeals Office,* 940 P.2d 1042 (Colo.App.1996)(permitting a "retroactive offset" of SSDI benefits where the claim had

been closed and subsequently reopened based upon a worsened condition).

■ Implying that they waived the right to take an offset, claimant asserts that respondents were aware of the SSDI benefits before the first final admission. However, claimant has not challenged the ALJ's finding that claimant had not met his burden to establish that respondent's failure to assert the SSDI offset was the product of voluntary, knowing and intelligent conduct. Thus, any issue of waiver has not been properly preserved, and therefore, we do not consider it.

## II.

■ Claimant also asserts that the ALJ erred in failing to impose penalties against respondents for the refusal to file a final admission of liability when benefits were resumed in accordance with the ALJ's January 25, 2000, order. Again, we disagree.

Claimant relies upon Dep't of Labor & Employment Rule IV(N)(3), which requires that an admission be filed within thirty days of a resumption or increase in benefits. He contends that the rule is unambiguous and requires the filing of a final admission regardless whether benefits are resumed or increased pursuant to a voluntary admission or an order. Respondents argue that the provision is limited to voluntary admissions.

The Panel concluded that the rule was susceptible of either interpretation. Analyzing the distinction made under the Workers' Compensation Act between benefits paid pursuant to "admissions" and those paid pursuant to order, the Panel observed that admissions are considered the result of voluntary action by insurers, while orders are the product of litigation.

For example, the Panel referred to § 8–43–203(2)(d), C.R.S.2001, which provides that hearings "may be set to determine any matter, but, if any liability is admitted, payments shall continue according to admitted liability." This section is part of an overall "statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination of the employer's duty to provide benefits in cases that do not present a legitimate controversy." *HLJ Mgmt. Group, Inc. v. Kim, supra,* 804

P.2d at 252. The Panel also noted that in *Brown & Root, Inc. v. Industrial Claim Appeals Office,* 833 P.2d 780 (Colo.App.1991), the court determined that an "award," for purposes of determining whether a claim must be reopened under § 8–43–303, C.R.S. 2001, may be the result of either an admission or a contested hearing.

■ In light of this history, the Panel determined that the ALJ had correctly concluded that the requirement to file an admission within thirty days of a resumption or increase of benefits set forth in Rule IV(N)(3) applies only to voluntary admissions of liability, not to a resumption or increase ordered by an ALJ. In so holding, the Panel discounted claimant's assertion that respondents' failure to file a final admission deprived him of information he needed to assess whether his benefits were calculated correctly. The Panel pointed out that in most cases, the final order will clearly state the amount and type of benefits owed, thus obviating the need for a final admission. Additionally, pursuant to Dep't of Labor & Employment Rule IV(G)(3), 7 Code Colo. Regs. 1101–3, a final accounting of benefits must be provided to claimants in litigated cases within thirty days of the final order.

■ Not only do we consider the Panel's interpretation to be well-reasoned, but we note that an administrative agency's interpretation of its own regulations is generally entitled to great weight and should not be disturbed on review unless plainly erroneous or inconsistent with such regulations. *Schneider v. Indus. Comm'n,* 624 P.2d 371 (Colo.App.1981). Thus, we adopt the Panel's construction of Rule IV(N)(3) and conclude that respondents' failure to file an admission after the ALJ's order did not constitute a violation of that rule and did not subject respondents to the imposition of a penalty.

In light of the disposition here, we need not address claimant's remaining contentions.

The Panel's order is affirmed.

Judge CASEBOLT and Judge NIETO concur.