94 P.3d 1182 (2004)
ROCKY MOUNTAIN CARDIOLOGY and State Farm Insurance Companies, Petitioners,
v.
INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Barbara Armbruster, Respondents.
No. 03CA0437.
Colorado Court of Appeals, Div. III.
February 12, 2004.
Rehearing Denied June 24, 2004.
*1183 Clifton, Hook & Bovarnick, P.C., Clyde E. Hook, Gary L. Fleming, Harvey D. Flewelling, Denver, Colorado, for Petitioners.
Ken Salazar, Attorney General, Eric Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.
Elliott Law Offices, PC, Mark D. Elliott, Arvada, Colorado, for Respondent Barbara Armbruster.
*1184 Opinion by Judge KAPELKE.
Rocky Mountain Cardiology and its insurer, State Farm Insurance Companies (collectively employer), seek review of a final order of the Industrial Claim Appeals Office (Panel) awarding temporary disability benefits to Barbara Armbruster (claimant). We affirm.
Claimant injured her left arm in 1999. In June 2001, employer filed a general admission of liability for the payment of temporary disability benefits commencing December 30, 1999. Temporary partial disability benefits were also stipulated to in June 2001.
Effective August 1, 2001, employer suspended benefits based on claimant's failure to attend a rescheduled medical appointment. It is undisputed that claimant attended a rescheduled appointment on August 31, 2001, and the administrative law judge (ALJ) found, with record support, that by September 20, 2001, employer had knowledge that she had done so. Employer did not reinstate temporary disability benefits, however, and did not file an amended or final admission of liability.
Instead, employer filed a motion to stay in December 2001, seeking to bar reinstatement of temporary disability benefits pending completion of the independent medical examination (IME) process and adjudication of the issues. In response, claimant argued that her benefits had to be reinstated because she had attended the rescheduled appointment. Employer's request for stay was denied.
In January 2002, employer filed an application for hearing on claimant's entitlement to temporary disability benefits after various dates.
In April 2002, employer also sought to withdraw the previously filed admissions of liability, disputing that claimant suffered a work-related injury other than to her left arm and challenging the IME physician's opinion to the contrary.
After several hearings in June and July 2002, the ALJ determined that claimant failed to prove that she had suffered compensable injuries. In his order of August 14, 2002, the ALJ granted employer's request to withdraw its admission of liability and denied claimant's request for additional disability and medical benefits. The ALJ determined that employer had no duty to reinstate temporary disability benefits once they had been properly suspended and, on that basis, concluded that employer had not violated the Workers' Compensation Act.
On review, the Panel concluded that employer properly suspended benefits after claimant failed to attend the medical appointment. However, based on the plain language of § 8-42-105(2)(c), C.R.S.2003, the Panel determined that employer was required to reinstate disability benefits after August 31, 2001, and to pay such benefits until the ALJ entered his order in August 2002. The Panel therefore further concluded that claimant's receipt of the disputed benefits did not constitute an overpayment. Finally, the Panel set aside the ALJ's ruling that penalties were not warranted and remanded that issue for a determination of the amount of such penalties to be imposed.

I.
Employer contends that the Panel erred in ordering the reinstatement of temporary disability payments based on the general admission of August 2001. We disagree.
An employer must provide notice that liability is admitted or contested within twenty days of the date it has knowledge of an injury that disables a claimant for more than three days or results in permanent impairment or death. Section 8-43-203(1)(a), C.R.S.2003. By filing an admission, an employer has, in effect, admitted that the claimant has sustained the burden of proving entitlement to temporary disability benefits. Once an employer admits liability, it is bound by that admission and must pay benefits accordingly. Colo. Comp. Ins. Auth. v. Indus. Claim Appeals Office, 18 P.3d 790 (Colo.App.2000).
The relevant portion of § 8-42-105(2)(c), C.R.S.2003, provides that "[i]f the employee fails to appear at a rescheduled appointment, the insurer or self-insured employer may, without a prior hearing, suspend payment of temporary disability benefits to the employee until the employee appears at a subsequent rescheduled appointment" (emphasis added).
In construing a statute, a reviewing court must determine and give effect to the *1185 intent of the legislature by giving the language of the statute its plain and ordinary meaning. The Panel's interpretation will be set aside only if it is inconsistent with the clear language of the statute or with the legislative intent. Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office, 5 P.3d 385 (Colo.App.2000).
We agree with the Panel here that the emphasized plain language of § 8-42-105(2)(c) provides for the automatic reinstatement of disability benefits once the employee appears at a rescheduled appointment. This construction is consistent with the use of the word "suspended" in other workers' compensation statutes. See Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office, supra (construing the term in statute requiring employee to submit to medical or vocational examination upon employer's written request).
Here, employer filed a general admission of liability in June 2001 and suspended benefits beginning August 1, 2001, based on claimant's failure to attend a rescheduled medical appointment. As noted, however, it is undisputed that employer knew by September 20, 2001, that claimant had attended a rescheduled appointment. It is also undisputed that employer did not file an amended admission to terminate temporary disability benefits on the basis that it contested causation or that claimant had reached maximum medical improvement.
Thus, employer remained bound by the June 2001 admission to pay temporary disability benefits and was no longer entitled to withhold payment once claimant kept the subsequent rescheduled appointment. As discussed, employer did not seek to withdraw its admission until April 2002.

II.
Employer also asserts that the Panel lacked jurisdiction to order it to pay additional temporary disability benefits. We disagree.
An employer is required to continue paying pursuant to an admission of liability and may not unilaterally withhold payment until a hearing is held to determine whether there is sufficient evidence to permit withdrawal of the admission. Pacesetter Corp. v. Collett, 33 P.3d 1230 (Colo.App.2001); Arenas v. Indus. Claim Appeals Office, 8 P.3d 558 (Colo.App.2000); see Snyder v. Indus. Claim Appeals Office, 942 P.2d 1337 (Colo.App.1997)(if claimant objects to petition to suspend, modify, or terminate, payments must continue until hearing despite later evidence of lack of causation).
Furthermore, withdrawal of an admission is granted prospectively, except in limited situations where the claimant is shown to be at fault. See, e.g., Snyder v. Indus. Claim Appeals Office, supra. Compare HLJ Mgmt. Group, Inc. v. Kim, 804 P.2d 250 (Colo.App.1990), with Vargo v. Colo. Indus. Comm'n, 626 P.2d 1164 (Colo.App.1981)(retroactive relief granted where claimant made fraudulent misstatements regarding specific injury for which benefits were claimed), and Arenas v. Indus. Claim Appeals Office, supra (retroactive relief granted to impose fifty percent penalty for intoxication).
Thus, the Panel had jurisdiction to require payment of disability benefits consistent with the June 2001 admission until the ALJ determined in August 2002 that claimant's injuries were not caused by her employment. Additionally, absent a showing of fraud or other employee misconduct, relief could be granted only prospectively. See HLJ Mgmt. Group, Inc. v. Kim, supra. Indeed, the record here shows that employer sought relief only as of the date of hearing and did not seek retroactive relief.
Finally, we reject the argument that the August 2001 general admission was sufficient to preserve employer's objection based on lack of causation. That admission was based solely on claimant's failure to attend the rescheduled medical appointment. In addition, employer's later filing of a motion to stay the obligation to pay temporary disability benefits belies this argument.

III.
We also reject employer's contention that equitable principles dictate that claimant is not entitled to any award of workers' compensation benefits or penalties. See Johnson v. Indus. Comm'n, 761 P.2d 1140 *1186 (Colo.1988)(equitable doctrine of estoppel cannot be used to circumscribe right afforded by workers' compensation statute); cf. Indus. Comm'n v. Plains Util. Co., 127 Colo. 506, 259 P.2d 282 (1953)(powers and authority of the ALJ and Panel are expressly conferred by statute); Indus. Comm'n v. Carpenter, 102 Colo. 22, 76 P.2d 418 (1938)(workers' compensation proceeding is purely statutory).

IV.
Finally, employer contends that the Panel erred in determining that the benefits it paid did not constitute an overpayment. We are not persuaded.
Employer has the burden of proving its entitlement to recoup an overpayment. See City & County of Denver v. Indus. Claim Appeals Office, 58 P.3d 1162 (Colo.App.2002).
Here, inasmuch as temporary disability benefits were owing as a matter of law until the ALJ's order granted prospective relief, we agree with the Panel that the disputed payments did not constitute "overpayment" under the Workers' Compensation Act. See § 8-40-201(15.5), C.R.S.2003.
The order is affirmed.
Judge ROY and Judge CARPARELLI concur.